**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:16 cr 118**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **RONALD A. CAUGHMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#14) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing, it appeared that Defendant was present with his counsel, Paul Lewis Bidwell, and the Government was present through AUSA Donald Gast. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings.** At the call of this matter, Defendant, by and through his attorney, denied the allegations contained in the Violation Report. Testimony was then presented by the Government through Robert T. Ferguson, United States Probation Officer for the Western District of North Carolina.

The Defendant was charged in a bill of indictment (#3) with three counts of making false statements, in violation of 18 U.S.C. § 1001 and in count four, Defendant was charged with committing mail fraud, in violation of 18 U.S.C. § 1341, and in count five Defendant was charged with aggravated identity theft, in violation of 18 U.S.C. § 1028A. A hearing was held in regard to the detention of the Defendant on December 12, 2016 and on that date the undersigned entered an order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(8)(g) Defendant shall surrender any passport to the Office of Probation and Pretrial Services.

(8)(a) Defendant must report to the Office of Probation and Pretrial Services to the extent and in the manner that the agency determines to be appropriate.

Officer Ferguson testified that Defendant had failed to surrender his passport to the Office of Probation and Pretrial Services, despite repeated directives made to Defendant that he should surrender his passport to the United States Probation Office. Defendant's arrest had initially been made on December 7, 2016 when he returned to the United States from a visit to Australia. In an initial appearance hearing in the Central District of California, which took place on December 7, 2016, Defendant was released on terms and conditions of release which required that he

surrender his passport to the probation office. Defendant was then allowed to travel to the state of North Carolina for his further appearance in this district. It was Defendant's contention that his passport was not in his possession after it had been seized from him at the time of his arrest in the Central District of California. Officer Ferguson testified that Defendant's passport was returned to a member of his family, that being his twelve year old daughter at the time Defendant was arrested in California. Despite repeated request from the Probation Office for the Western District of North Carolina, Defendant did not surrender his passport and denied possessing it.

During courtesy supervision in the state of South Carolina, Defendant was instructed by his U.S. Probation Officer to call the probation office every Monday between 8:00 a.m. and 12:00 p.m. Defendant did not contact the probation on December 26, 2016 or January 2, 2017. Those two dates were federal holidays, however, Defendant did not contact or leave a message on either of those occasions and further did not contact the probation office on January 9, 2017 or January 17, 2017. On January 18, 2017, Defendant appeared at the office of his probation officer in Columbia, SC. At that time, Defendant was served with a Violation Report and was taken into custody. On January 19, 2017, Defendant's father delivered to the U.S. Probation Officer Defendant's passport. A review of the Pretrial Services

Report prepared by the Central District of California shows that Defendant had a valid passport which was seized by agents during his arrest in December of 2016. The passport indicated that Defendant had traveled in Thailand, New Zealand, Philippines, Mexico, Bahamas, and Australia. Defendant is married and his wife resides in Australia and he visits with her every three to six months. The financial statement of Defendant shows he has $594,000.00 in assets and no indebtedness. $500,000.00 of that sum is on deposit in Wells Fargo Bank checking account.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

    (1)    finds that there is----
        (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
        (B) clear and convincing evidence that the person has violated any other condition of release; and
    (2)    finds that ---
        (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
        (B) the person is unlikely to abide by any condition or combination of conditions of release.

    If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence presented, the undersigned finds it has been shown by clear and convincing evidence that the Defendant has violated the term and condition of his release that required he surrender his passport to the U.S. Probation Office and he report to the Office of Probation and Pretrial Services to the extent and in the manner that that agency determines to be appropriate. The delivery of Defendant's passport a day after he had been served with a Violation Report indicates that Defendant did have his passport in his possession and had refused to deliver it to the U.S. Probation Office. Defendant failed to contact his probation officer as he had been directed on December 26th, January 2nd, January 9th and January 16th.

It appears from the above referenced actions on the part of Defendant there is no condition or combination of conditions of release that will assure he will not flee the jurisdiction and that he is unlikely to abide by any condition or combination of conditions of release. Defendant has a college education and is experienced in world travel. He has $500,000.00 of liquid cash assets which he could use to assist in his flight from this jurisdiction. Defendant has refused to comply with the orders of this Court in regard to the terms and conditions of his release. These factors show that the continued release of Defendant would create a risk of flight on his part. The trial of this matter is set for March 6, 2017. To release Defendant now would place him

in a position where he could flee to foreign countries avoiding prosecution in this matter.

For the above referenced reasons, the undersigned will enter an order revoking the terms and conditions of pretrial release of Defendant pending further orders of the Court.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: February 15, 2017

Dennis L. Howell
United States Magistrate Judge